NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR SHARRIEFF GAY, | No. 19-16662 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-05998-CRB |
| v. | |
| AMY PARSONS, Senior Psychologist; GREGORY S. GOLDSTEIN, Psychologist, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| JENNIFER SHAFFER, Secretary, Board of Parole Hearings; CLIFF KUSAJ, Chief Psychologist, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EZRA,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

In this 42 U.S.C. § 1983 action, Omar Gay, a California state prisoner, alleged in a pro se complaint that Amy Parsons and Gregory Goldstein, psychologists with the California Board of Parole Hearings ("BPH"), issued a negative report about him in advance of a parole board hearing because of his race and religion. Parsons and Goldstein (collectively, the "psychologists") appeal from the district court's denial of their motion for judgment on the pleadings seeking quasi-judicial absolute immunity. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Non-judicial "officials performing the duties of advocate or judge may enjoy quasi-judicial immunity for some functions." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (cleaned up). But not all "actions taken with court approval or under a court's direction are . . . in and of themselves entitled to quasi-judicial, absolute immunity." *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc). Instead, under the "functional approach" adopted by the Supreme Court in *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 (1993), the "relevant test now is whether the official is 'performing a duty functionally comparable to one for which officials were rendered immune at common law.'" *Swift*, 384 F.3d at 1190 (quoting *Miller*, 335 F.3d at 897). "The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity." *Antoine*, 508 U.S. at 432. "The presumption is that qualified rather than absolute immunity is sufficient. . . ." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

2

Applying the teaching of *Antoine*, we have held that "parole officers are not entitled to absolute immunity for conduct taken outside an official's adjudicatory role," such as when "performing investigatory or administrative functions." *Swift*, 384 F.3d at 1191 (cleaned up). Gay's pro se complaint describes the psychologists' responsibilities as merely providing information to the "BPH Panel" empowered to decide whether to grant or deny parole. The district court thus properly found absolute immunity unavailable to the psychologists at the pleading stage, noting that Gay had alleged that they "did not participate in the parole hearing—the most judge-like component of the parole process . . . but rather a fact-gathering process similar to that of a police officer." In affirming, we "intimate no view on [the psychologists'] entitlement to immunity, should the evidence show the facts to be other than as pleaded." *Id.* at 1193 n.7.

**AFFIRMED.**